**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**JUANITA PURDY,**
        **Plaintiff,**

vs.                                     **3:09cv449/LAC/MD**

**ESCAMBIA COUNTY SCHOOL DISTRICT,**
        **Defendants.**

---

**REPORT AND RECOMMENDATION**

This case is before the court on the defendant's motion for summary judgment and memorandum of law in support thereof (doc. 23) and plaintiff's response thereto. (Doc. 25). The sole basis for the defendant's motion is that the plaintiff's suit is untimely.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed her initial complaint pursuant to 42 U.S.C. § 2000e-5 (Title VII of the Civil Rights Act of 1964) on October 13, 2009. She was directed to file an amended complaint (doc. 10), which she did. (Doc. 11). In her amended complaint, she contends that the Escambia County School Board discriminated against her because of her race and retaliated against her. (Doc. 11). She states that she filed a complaint with the EEOC and the EEOC issued a Notice of Right to Sue dated June 10, 2009 which she received on June 15, 2009. (Doc. 11 at 3). Plaintiff asserts that after four years as a classroom Exceptional Education Teacher, plaintiff was hired as the Crisis Intervention Specialist at Pensacola High School ("PHS"). In January of 2006, within months of taking this position, plaintiff raised concerns about the

discipline procedures in place at PHS for exceptional education students. She asserts that "[w]orkplace sabotage and a hostile environment ensued." (Doc. 11 at 5). The details of the alleged harassment and sabotage are not relevant to the defendant's motion and need not be recited here.

Because there was some question about the timeliness of plaintiff's case, the court entered an order directing the plaintiff to show cause why the case should not be dismissed as time barred. (Doc. 16). Plaintiff responded, arguing for the application of equitable tolling. (Doc. 19). She noted that the Right To Sue letter arrived on her summer break, during which time she was not subjected to the workplace sabotage and hostility. She asserted that although she returned to work on August 17, 2009, the "pattern of law enforcement tracking, harassment, workplace sabotage and professional defacement" did not become apparent until September 21, 2009. (Doc. 19 at 2). She asked that the statute of limitations be tolled because the violations had stopped, only to re-start after the 90 day filing date had passed. (Doc. 19 at 3). Without ruling on the legal sufficiency of the equitable tolling doctrine as applied to plaintiff's case, the court directed that she serve her complaint. (Doc. 20). Defendant has now moved to dismiss, claiming that the complaint is barred by the applicable statute of limitations.

## LEGAL ANALYSIS

Summary judgment is appropriate only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91

L.Ed.2d 265, 273 (1986); see also *Morisky v. Broward County*, 80 F.3d 445, 447 (11th Cir. 1996).

However, summary judgment is improper "if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 594 (11th Cir. 1995). An issue of fact is "material" if it might affect the outcome of the case under the governing law. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. See *id*.; see also *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552 (1986).  If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment.  *Miranda v. B&B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust Co. v. Fidelity and Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).

Title 42 U.S.C. § 2000e provides that a civil action must be filed within 90 days of the receipt of a Right to Sue letter.  Plaintiff states in her complaint that she received her letter on June 15, 2009.  Therefore, to have been timely filed, plaintiff must have filed suit on or before Monday, September 14, 2009.  See Title 42 U.S.C. § 2000e.  Defendant argues that because the plaintiff's complaint  was not filed within this limitations period, it is subject to dismissal.[1]

Plaintiff concedes the facial untimeliness of her complaint, but contends that the "continuing violation doctrine" permits her to challenge incidents that occur outside of a statutory limitation period and thereby constitute part of a "continuing pattern of discrimination." *Citing Bullington v. United Air Lines, Inc.,* 186 F.3d 1301, 1310 (10th Cir. 1999).  Plaintiff is correct that if at least one instance of the alleged

---

[1]Defendant bases its argument on the filing date of the amended complaint rather than the initial complaint.  This distinction is insignificant in this case, as the initial complaint was also filed beyond the 90 day deadline.

*Case No: 3:09cv449/LAC/MD*

discriminatory practice occurred within the limitations period, the existence of a pattern of continued discrimination can extend the time frame for challenging the earlier violations. However, the court has found no authority for the proposition that this doctrine would extend the time for filing a federal suit after issuance of a Right to Sue letter. See *Carter v. West Publishing Co.*, 225 F.3d 1258, 1263-64 (11th Cir. 2000)(discussing continuing violation and equitable tolling); *Nghiem v. U.S. Dept. of Veterans Affairs*, 451 F.Supp. 2d 599, 607 n. 4 (S.D. N.Y. 2006) (continuing violations doctrine inapplicable where plaintiff filed a timely EEO charge in connection with an alleged discriminatory termination, and then sought to toll the time period provided in the regulations for filing a complaint in federal court by alleging ongoing discrimination that occurred post-termination); *Sain v. American Red Cross*, 233 F.Supp.2d 923, 928 (S.D. Oh. 2002) (continuing violation doctrine applies where plaintiff has failed to file a discrimination charge with the appropriate agency within the specified number of days after an unlawful employment practice but generally has not been applied to the time limitations for filing suit after receipt of the Notice of Right to Sue.). There is no logical basis for the extension of the doctrine in this fashion.

Plaintiff next argues that the doctrine of equitable tolling allows for late filing if a party has been prevented from filing her complaint due to inequitable circumstances. Again, plaintiff is correct that equitable tolling can be applied to the 90 day limitation period for filing a Title VII Action. See, e.g., *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1004 n. 17 (11th Cir. 1992) (citing cases); *Suarez v. Little Havana Activities*, 721 F.2d 338 (11th Cir. 1983). Equitable tolling principles require that the plaintiff "demonstrate extraordinary circumstances, such as fraud, misinformation or deliberate concealment" to justify an untimely action. See *Jackson v. Astrue*, 506 F. 3d 1349, 1355 (11th Cir. 2007). Equitable tolling is an "extraordinary remedy which should be extended only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). However, it will be permitted "upon finding

an inequitable event that prevented plaintiff's timely action." *Id.* Plaintiff has not identified the "inequitable event" that allegedly prevented her from timely filing her complaint in this case. The court does not find persuasive plaintiff's argument, mentioned in her response to the court's order to show cause, but not in her response to the defendant's motion for summary judgment, that the temporary cessation of the alleged unlawful activity during her summer break and at the beginning of the school year should suffice. Cf. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling may be permitted where the plaintiff "has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass"). Her hope that the allegedly unlawful conduct of which she complains had ceased does not equate to the defendant "preventing" her from filing her complaint.

Based on the foregoing, the court finds that no genuine issue of material fact remains with respect to the timeliness of plaintiff's complaint. Because the complaint was untimely, defendant's motion for summary judgment should be granted.

Accordingly, it is respectfully RECOMMENDED:

That defendant's motion for summary judgment (doc. 23) be GRANTED and this case be dismissed with prejudice.

At Pensacola, Florida this 19th day of July, 2010.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**